UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 10-67944-SWR

**WILLIAM ALSTON,**                                                 Chapter 7

    Debtor.                                      HON. STEVEN W. RHODES
_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

    Plaintiff,

vs.                                                                 Adversary Case No.

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

    Defendants.
_____/

### ADVERSARY COMPLAINT SEEKING A PERMANENT INJUNCTION AND MONETARY DAMAGES FOR VIOLATIONS OF 11 U.S.C. § 110 AND FOR ASSESSMENT OF FINES PAYABLE TO THE UNITED STATES TRUSTEE

Daniel M. McDermott, United States Trustee, states as follows:

### GENERAL ALLEGATIONS

1.    Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on September 7, 2010.

2.    Daniel M. McDermott is the United States Trustee for this region, Region 9.

3. The Defendant, Doshia M. Banks, conducts business using the address, 17515 W. Nine Mile Road, Suite 980, Southfield, MI 48075.

4. The Defendant, DMB Self-Help Information Network, is a Michigan corporation and conducts business using the address, 17515 W. Nine Mile Road, Suite 980, Southfield, MI 48075.

5. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding.

## COUNT I
## PERMANENT INJUNCTION AGAINST DOSHIA M. BANKS
## AND DMB SELF-HELP INFORMATION NETWORK

6. Plaintiff realleges and reincorporates Paragraphs 1 through 5 above as though fully restated herein.

7. Doshia M. Banks is a "bankruptcy petition preparer" within the meaning of 11 U.S.C. § 110(a)(1) in that she was, at all relevant times, not an attorney properly licensed to practice law in the State of Michigan nor an employee of such an attorney and she prepares for compensation, documents for filing with the United States Bankruptcy Court.

8. Doshia M. Banks is a "Debt Relief Agency" as defined by 11 U.S.C. § 101(12A).

9. DMB Self-Help Information Network is a "bankruptcy petition preparer" within the meaning of 11 U.S.C. § 110(a)(1) in that it was, at all relevant times, not an attorney properly licensed to practice law in the State of Michigan nor an employee of such an attorney and it prepares for compensation, documents for filing with the United States Bankruptcy Court.

10. DMB Self-Help Information Network is a "Debt Relief Agency" as defined by 11 U.S.C. § 101(12A).

**Fraudulent, Unfair, and Deceptive Activity**

11. Under 11 U.S.C. § 110(j)(2)(A) Banks and DMB Self-Help Information Network are prohibited from violating any provisions of Title 11 and from engaging in fraudulent, unfair and deceptive activity.

**<u>Legal Advice</u>**

12. Under 11 U.S.C. § 110(e)(2)(A) Banks and DMB Self-Help Information Network are prohibited from offering any legal advice.

13. Doshia M. Banks and DMB Self-Help Information Network gave legal advice to the Debtor in this case.

14. This is not an isolated incident. Doshia M. Banks and DMB Self-Help Information Network have provided similar services to other debtors and provided legal advice in those cases as well. They face actions in some of those cases as well.

**<u>Violations of 11 U.S.C. §§ 110, 526 and 528</u>**

15. In this case, as in most cases, Banks and DMB Self-Help Information Network have violated other provisions of 11 U.S.C. §§ 110, 526 and 528.

16. 11 U.S.C. § 528 mandates requirements for Debt Relief Agencies. A Debt Relief Agency must,

    a. Execute a written contract, and

    b. Provide a copy of the contract to the Debtor.

17. Upon information and belief, Banks and DMB Self-Help Information Network do not execute written contracts or provide a copy to the debtors in their cases.

18. 11 U.S.C. § 526(a)(2) prohibits a debt relief agency from making any statements or advising clients to make statements that are untrue or misleading.

19. Upon information and belief, Banks and DMB Self-Help Information Network do not fully disclose their roles and the limits on their roles in their cases.

20. 11 U.S.C. § 110(f) prohibits Bankruptcy Petition Preparers from using the term legal in any advertisements. Banks and DMB Self-Help Information Network use the term "legal" in their activities. Banks and DMB Self-Help Information Network distribute a business card that uses the term "legal" at least three times; including in the email address, website domain and assumed corporate name of the Defendants.

**Injunction Against Future Violations**

21. Under 11 U.S.C. § 110(j)(2)(A) Banks and DMB Self-Help Information Network are prohibited from violating any provisions of Title 11 and from engaging in fraudulent, unfair and deceptive activity.

22. Their unauthorized practice of law constitutes fraudulent, unfair and deceptive activity.

23. Their failure to fulfill all requirements of 11 U.S.C. §§ 110, 526 and 528 constitutes fraudulent, unfair and deceptive activity.

24. Pursuant to 11 U.S.C. § 110(j)(2)(A), the Court may enjoin Banks and DMB Self-Help Information Network from such prohibited conduct. Based upon their violations, the Court should enjoin them from future violations.

**Injunction Against Practicing as a Bankruptcy Petition Preparer**

25. Pursuant to 11 U.S.C. § 110(j)(2)(B), the Court may enjoin Banks and DMB Self-Help Information Network from acting as a Bankruptcy Petition Preparer if there is cause to believe simply enjoining the prohibited conduct would be insufficient to prevent further interference with proper administration under this Title 11.

26. There is cause to believe that simply enjoining the prohibited conduct will be insufficient.

## COUNT II
## PAYMENT TO THE DEBTOR

27. Plaintiff realleges and reincorporates Paragraphs 1 through 26 above as though fully restated herein.

28. Pursuant to 11 U.S.C. § 110(i)(1)(B), the Court shall order the Bankruptcy Petition Preparers to make payments to the Debtor, including at an absolute minimum, $2,000; for any violation of this section or any fraudulent, unfair or deceptive activity. 11 U.S.C. § 110(i)(1)(A). They shall also be required to pay any actual damages.

29. As stated above, Banks and DMB Self-Help Information Network have violated this section and engaged in fraudulent, unfair or deceptive activity. As such, they should each be

required to pay to the Debtor $2,000. In addition, the Debtor should be given the opportunity to identify any actual damages she may have suffered.

## COUNT III
## ASSESSMENT OF FINES PAYABLE TO THE UNITED STATES TRUSTEE

30. Plaintiff realleges and reincorporates Paragraphs 1 through 29 above as though fully restated herein.

31. Defendants' activities in this case are fraudulent, unfair and deceptive.

**Fines Payable to the U.S. Trustee**

32. Pursuant to 11 U.S.C. §110 (l)(1), a bankruptcy petition preparer who fails to comply with any provision of subsections (b) through (h) may be fined $500 for each violation.

33. Defendants, at a minimum, violated subsection (e) and (f) of §110, and should be fined $500 for each those violations.

34. Fines assessed under §110 (l) are payable to the United States Trustee pursuant to §110 (l)(4).

**WHEREFORE,** Plaintiff, United States Trustee, respectfully requests that this Court enter Judgment in favor of Plaintiff,

(I) enjoining the future preparation of petitions by Doshia M. Banks and DMB Self-Help Information Network, and providing for such other and further relief as may seem just and proper,

(II) ordering payment from each, Doshia M. Banks and DMB Self-Help Information Network, to the Debtor in the amount of at least $2,000, and

(III) permitting the Debtor an opportunity to seek additional damages from Doshia M. Banks and DMB Self-Help Information Network.

(IV) Ordering payment of fines from each, Doshia M. Banks and DMB Self-Help Information Network, to the United States Trustee pursuant to 11 U.S.C. § 110 (l)(2)(D) in the amount of $1,000.

DANIEL M. MCDERMOTT
UNITED STATES TRUSTEE
Region 9

By: /s/ Paul J. Randel (P58419)
Paul.Randel@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort Street - Suite 700
Detroit, Michigan 48226
(313) 226-4541

Dated: January 19, 2011